## Printzenhoff's Estate.

*Decedents' estates—Life estate—Failure to enter security—Appointment of trustee—Fiduciaries Act of June 7, 1917—Trusts and trustees—Commissions—Counsel fee—Accretions.*

1. Where a life-tenant fails to enter security and petitions for the appointment of a trustee under the Fiduciaries Act of June 7, 1917, P. L. 447, the trustee so appointed is a trustee not merely for the life-tenant, but for all parties in interest, and as such is entitled to his commissions and counsel fee out of the principal of the estate.

2. In such case, accretions to the fund by sale of securities belong to the remaindermen and not to the estate of the life-tenant.

Exceptions to adjudication. O. C. Phila. Co., July T., 1918, No. 462.

VAN DUSEN, J., Auditing Judge.—Testator died Oct. 31, 1917, and by his will gave the interest and income of his residuary estate to his sister, Cartis S. Robins, for life and after her death gave the principal to the Methodist Episcopal Home for the Aged. No trust was created. Upon the executor's account, Anderson, J., stated in his adjudication as follows (Nov. 13, 1918): "At the request of the life tenant, [principal is] awarded to a trustee to be hereinafter appointed for Cartis S. Robins upon the uses and purposes declared by the will of testatrix."

This accountant was accordingly appointed trustee on petition of the life-tenant, received the fund, and files this final account because of the death of Cartis S. Robins, the life-tenant, June 18, 1927. The account claims credit against principal for 3 per cent. commissions, $1709.24, and counsel fee $1000, and these items are objected to by the remainderman on the ground that the trustee is the representative of the life-tenant and that she must bear the expenses of administration.

Since 1834, we have had statutes requiring a life-tenant of personal property to enter security before receiving possession thereof. Upon entering security the life-tenant became owner of the property, and debtor on the bond to the remaindermen for the original value thereof. The life-tenant was, therefore, not entitled to credit for commissions, premiums on bond, or other expenses of administration, Reiff's Appeal, 124 Pa. 145; Mutchmore's Estate, 14 Dist. R. 251, and was not liable to account for gains on investments, Letterle's Estate, 248 Pa. 95; Kirkpatrick's Estate, 284 Pa. 583. To provide for cases where the life-tenant was unable to enter security the practice grew up of appointing a trustee, at the instance of the life-tenant, to receive the fund. This was without express warrant in the statute. Such a trustee was still the representative of the life-tenant, bound to produce the original fund for the remaindermen, and not entitled to credit for excusable losses, or for

expenses other than the cost of filing the account (why this exception I do not understand): Weir's Estate, 251 Pa. 499. See notes to section 23 of the Fiduciaries Act of June 7, 1917, P. L. 447, in the report of the Commissioners, page 165.

By that act the appointment of a trustee was expressly provided for. The act reads:

"Should such person or legatee refuse or neglect or be unable to enter such security, the court may, upon petition of any person interested, including the owner of any subsequent interest, vested or contingent, in such proceeds of real estate, personal property, or the increase, profits or dividends thereof, and upon due notice to all persons interested, so far as such notice can reasonably be given, appoint a suitable person or corporation as trustee to receive and hold such proceeds of sale or personal property, invest the same in securities authorized by law, pay the income thereof, after deducting all legal charges, to the person entitled thereto, and, upon the termination of the trust, account for and pay to the persons entitled thereto the *corpus* of the trust fund, or transfer and deliver to them the securities in which it is invested, as the court may direct, after deducting all legal charges thereon. Such trustee shall enter such security as the court may direct. He shall not be an insurer of the trust fund, and shall be liable to the persons interested in the income or *corpus* of the trust fund only for such care, prudence and diligence in the execution of the trust as other trustees are liable for."

The statement in Judge Anderson's adjudication that the award to a trustee to be appointed was made "at the request of the life-tenant" was followed by the petition of the life-tenant for such appointment. This was as positive a refusal to enter security as could be asked for. The provisions of the Fiduciaries Act of June 7, 1917, are applicable; and the question is whether they have altered the relation of the trustee to the parties so as to make the fund liable for expenses of administration. I think they have.

The trustee is to invest the trust fund. Upon the termination of the trust he is to account for the *corpus* of the trust fund, or the securities in which it is invested—not, as theretofore, for the value of the original fund. He is not to be an insurer of the trust fund, but is liable for due care only as other trustees are. Instead of being a substitute for the bond, without express warrant of law, upon what is to be regarded as the life-tenant's default, the appointment of the trustee has become a legitimate alternative course without any implication of fault of the life-tenant. This seems to me to make the trustee the representative of all parties, and not of the life-tenant only.

When, therefore, the statute provides for payment of the *corpus* "after deducting all legal charges thereon," it means such charges as are usually made against principal in the administration and distribution of a trust. I notice that the act also specifically mentions and sanctions legal charges against income.

Mention should be made of another case, Loewer's Estate, 263 Pa. 517. It was there held that where a trustee was appointed in lieu of a bond upon the application of all parties in interest, he represented all parties, and the remaindermen were entitled to gains of principal. The trustee in Weir's Estate, it was noted, was appointed on petition of the life-tenant only.

In the case at bar, the trustee was appointed on the petition of the life-tenant only without notice to the remainderman (who was easily available). Section 23 of the Fiduciaries Act provides for appointment "upon petition of any person interested" and upon "due notice to all persons interested, so far as such notice can reasonably be given." But as the appointment is made

under the statute, I am of opinion that the trustee, no matter at whose instance appointed, becomes the kind of trustee described in the statute, and not the representative of the life-tenant alone.

It follows that the objection to the accountant's commissions must be dismissed.

An objection was also made to the amount of the counsel fee; testimony as to services and value was offered.

From this testimony I find that some of the services, to wit, $250 in value, were performed in the current administration of the trust, such as are usually chargeable to income. Another part, to wit, $100 in value, was services to principal during the administration of the trust. Other part, to wit, $500 in value, was services in appearing at the audit, preparation of the account, and closing the trust which belongs to principal.

I accordingly surcharge the accountant in principal account with $400 of the counsel fee, and award counsel fee to be credited to income of $250.

Counsel for the remainderman in his brief also asked for gains realized by the sale of principal assets, which I calculate to be $2619.69, less $72 loss, a net amount of $2547.69. The request is proper if the trustee is the kind of trustee I think he is; but it is entirely inconsistent with the objection to counsel fee and commissions, and counsel so stated in his oral argument. If the trustee represents all parties, the fund pays the expenses chargeable to principal and gets the gains; if he represents the life-tenant only, the latter pays the expenses, gets the gains and bears the losses. The request is granted. As the account is so stated, no change is necessary.

*George G. Ziegler, Sr.*, and *Horace M. Rumsey*, for exceptions.
*David Lavis*, contra.
*Abraham Berkowitz*, for Commonwealth.

THOMPSON, J., March 8, 1928.—The Auditing Judge, in a well-reasoned opinion, giving the authorities, held that the trustee appointed under section 23 of the Fiduciaries Act of 1917 represented all parties in interest and not the life-tenant only, this conclusion being adverse to the contention of the exceptant. We can add nothing to what the Auditing Judge has so well said in his adjudication, and the exceptions are, therefore, dismissed and the adjudication confirmed absolutely.

LAMORELLE, P. J., did not sit.